UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD GOMEZ,

               Petitioner,

    v.

YOLO COUNTY SUPERIOR COURT
AND YOLO COUNTY DISTRICT
ATTORNEY'S OFFICE,

               Respondents.

No.  14-cv-01443 JAM-DAD

**ORDER DENYING PETITIONER'S
PETITION FOR A STAY OF
PROCEEDINGS**

     This matter is before the Court on Petitioner Donald Gomez's ("Petitioner") Petition for a Stay of Proceedings (Doc. #4). Defendants Yolo County Superior Court and Yolo County District Attorney's Office (collectively "Defendants") did not have an opportunity to file an opposition.  Although Petitioner refers to the motion as petition for a stay, the Court construes the motion as an application for an ex parte temporary restraining order due to the requested relief and urgent time frame.[1]  For the reasons stated below, the Court denies the petition.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

I.   OPINION

Petitioner requests a stay of the criminal proceedings in the Yolo County Superior Court because information and documentation related to a wire-tap issued by this Court have allegedly been improperly used and withheld from Petitioner. Petition at 1.  According to the Petitioner, the superior court stated that Petitioner's remedy was to go to the "Magistrate who issued the wire-tap and seek relief for the prosecution's failure to comply with the law." Id. at 6.

However, under the Anti-Injunction Act, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (emphasis added). Further, under Younger v. Harris, 401 U.S. 37 (1971), federal courts should abstain from interfering with pending state criminal proceedings.  Federal courts may raise Younger abstention sua sponte.  See Hoye v. City of Oakland, 653 F.3d 835, 843 n. 5 (9th Cir.2011).  Younger abstention is appropriate if (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions.  Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted).  In this case, Petitioner has not identified circumstances warranting an exception and all three of the Younger criteria are satisfied.

First, Petitioner states that the trial begins today, June 17, 2014; therefore, there is an ongoing judicial proceeding.

Second, the state has an important interest in passing upon and correcting violations of a defendant's rights.  See Roberts v. DiCarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (citation omitted).  Third, Petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings.  See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted).

Because the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist.  See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of Younger, a district court must dismiss the federal action.") (citation omitted).  Here, neither the claims asserted by Petitioner, nor anything else in the record suggest the existence of extraordinary circumstances.  See Younger, 401 U.S. at 45-46.

## II.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Petition for a Stay without prejudice.

IT IS SO ORDERED.

Dated: June 17, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3